## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| TOMMY TOMPKINS, JR., on behalf of<br>himself and all others similarly situated, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-731 |
| | ) | |
| PALMER ADMINISTRATIVE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT PALMER ADMINISTRATIVE SERVICES, INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Palmer Administrative Services, Inc. ("Defendant" or "Palmer"), by counsel, hereby answers, paragraph by paragraph, Plaintiff Tommy Tompkins's ("Plaintiff" or "Tompkins") Class Action Complaint filed on October 1, 2019 ("Complaint") (ECF No. 1).

With respect to the opening, un-numbered paragraph of Plaintiff's Complaint, Palmer denies making any telephone calls to Plaintiff. The remaining statements in this paragraph are legal conclusions or recitations of Plaintiff's requested relief, and do not contain any factual allegations requiring a response from Palmer, but if a response is deemed required, Palmer denies that Plaintiff or any putative class member is entitled to any relief from Palmer.

### NATURE OF THIS ACTION

1.      Palmer denies making any telephone calls to Plaintiff. The remaining statements in this paragraph are either legal conclusions or do not contain any factual allegations requiring a response from Palmer, but if a response is deemed required, Palmer denies that Plaintiff or any putative class member is entitled to any relief from Palmer.

2.      The allegations in this paragraph do not relate to Palmer and therefore no response is required, but to the extent a response is deemed required, Palmer is without knowledge or

1

information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

3.      The allegations in this paragraph do not relate to Palmer and therefore no response is required, but to the extent a response is deemed required, Palmer is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

4.      The allegations in this paragraph do not relate to Palmer and therefore no response is required, but to the extent a response is deemed required, Palmer is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

5.      Palmer denies that it uses automated systems to send thousands of unsolicited calls to consumers' cell phones, and denies calling Plaintiff or others whose numbers are on the National Do Not Call Registry.  The remaining allegations in this paragraph do not relate to Palmer and therefore no response is required, but to the extent a response is deemed required, Palmer is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

6.      This paragraph calls for legal conclusions, and thus, no response is required.  To the extent an answer is required, the allegations are denied.   Further answering, Palmer denies that it called Plaintiff's cell phone in violation of the TCPA.

## PARTIES

1.      Palmer is without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies them.[1]

2.      Palmer admits only that it is a Delaware corporation with its principal place of business in New Jersey, and that it administers extended automotive service contracts sold by third parties to customers in certain states.  Palmer denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

3.      The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, Palmer does not deny that the Court has subject matter jurisdiction over claims arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

4.      Palmer admits that it does business in this District, but denies placing the telephone call alleged in the Complaint to Plaintiff.  Palmer denies the remaining allegations in this paragraph.

## FACTS COMMON TO THE CLASS

5.      Palmer denies making any calls to Plaintiff or putative class members as alleged in this paragraph.  The remaining allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, the cited law speaks for itself and Palmer denies that the characterization given in this paragraph is a complete recitation of the TCPA.

---

[1] To avoid any further confusion, Palmer tracks the paragraph-numbering sequence in Plaintiff's Complaint, which reset to No. 1 after No. 6.

6.      The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, the cited law speaks for itself and Palmer denies that the cited excerpt is a complete recitation of the TCPA.

7.      Palmer admits only that it administers extended automotive service contracts sold by third parties to customers in certain states. Palmer denies engaging in unsolicited telemarketing or widespread telemarketing, whether through automated systems or via prerecorded or artificial voice, as a way to increase its customer base.

8.      This paragraph calls for legal conclusions, and thus, no response is required.  To the extent an answer is required, the allegations are denied.  Further answering, Palmer denies that it, or agents on its behalf, called Plaintiff's cell phone in violation of the TCPA.

9.      This paragraph calls for legal conclusions, and thus, no response is required.  To the extent an answer is required, the allegations are denied.  Further answering, Palmer denies that it, or alleged agents on its behalf, called Plaintiff's cell phone in violation of the TCPA.

10.     Palmer admits only that it was a defendant in the cited lawsuit.  Furthermore, the settlement agreement cited in this paragraph speaks for itself.  Palmer denies the remaining allegations in this paragraph.

11.     Palmer denies making the alleged calls to Plaintiff, and therefore also denies using "spoofing" technology as part of those calls. The remaining allegations in this paragraph do not relate to Palmer and therefore no response is required, but to the extent a response is deemed required, Palmer is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

12.     This paragraph calls for legal conclusions, and thus, no response is required.  To the extent an answer is required, the allegations are denied.   Further answering, Palmer denies that it, or alleged agents on its behalf, called Plaintiff's cell phone in violation of the TCPA.

## FACTS RELATING TO PLAINTIFF

13.     Palmer is without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies them.

14.     Palmer is without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies them.

15.     Palmer is without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies them.

13.     This paragraph calls for legal conclusions, and thus, no response is required.  To the extent an answer is required, the allegations are denied.   Further answering, Palmer denies that it, or alleged agents on its behalf, called Plaintiff's cell phone in violation of the TCPA.[2]

14.     This paragraph calls for legal conclusions, and thus, no response is required.  To the extent an answer is required, the allegations are denied.   Further answering, Palmer denies that it, or alleged agents on its behalf, called Plaintiff's cell phone in violation of the TCPA.

15.     Palmer is without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies them.

16.     Palmer is without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies them.

17.     Palmer denies making the alleged calls to Plaintiff.  This paragraph calls for legal conclusions, and thus, no response is required.  To the extent an answer is required, the allegations

---

[2]     Plaintiff's Complaint did in fact follow Paragraph 15 with Paragraph 13.

are denied.   Further answering, Palmer denies that it, or alleged agents on its behalf, called Plaintiff's cell phone in violation of the TCPA.

18.   This paragraph calls for legal conclusions, and thus, no response is required.  To the extent an answer is required, the allegations are denied.  Further answering, Palmer denies that it, or alleged agents on its behalf, called Plaintiff's cell phone in violation of the TCPA.

19.   This paragraph calls for legal conclusions, and thus, no response is required.  To the extent an answer is required, the allegations are denied.  Further answering, Palmer denies that it, or alleged agents on its behalf, called Plaintiff's cell phone in violation of the TCPA.

20.   Palmer is without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies them.

21.   This paragraph calls for legal conclusions, and thus, no response is required.  To the extent an answer is required, the allegations are denied.  Further answering, Palmer denies that it, or alleged agents on its behalf, called Plaintiff's cell phone in violation of the TCPA.

22.   This paragraph calls for legal conclusions, and thus, no response is required.  To the extent an answer is required, the allegations are denied.  Further answering, Palmer denies that it, or alleged agents on its behalf, called Plaintiff's cell phone in violation of the TCPA.

23.   This paragraph calls for legal conclusions, and thus, no response is required.  To the extent an answer is required, the allegations are denied.  Further answering, Palmer denies that it, or alleged agents on its behalf, called Plaintiff's cell phone in violation of the TCPA.

24.   This paragraph calls for legal conclusions, and thus, no response is required.  To the extent an answer is required, the allegations are denied.  Further answering, Palmer denies that it, or alleged agents on its behalf, called Plaintiff's cell phone in violation of the TCPA.

25.     This paragraph calls for legal conclusions, and thus, no response is required.  To the extent an answer is required, the allegations are denied.   Further answering, Palmer denies that it, or alleged agents on its behalf, called Plaintiff's cell phone in violation of the TCPA.

26.     This paragraph calls for legal conclusions, and thus, no response is required.  To the extent an answer is required, the allegations are denied.   Further answering, Palmer denies that it, or alleged agents on its behalf, called Plaintiff's cell phone in violation of the TCPA.

27.     This paragraph calls for legal conclusions, and thus, no response is required.  To the extent an answer is required, the allegations are denied.   Further answering, Palmer denies that it, or alleged agents on its behalf, called Plaintiff's cell phone in violation of the TCPA.

28.     This paragraph calls for legal conclusions, and thus, no response is required.  To the extent an answer is required, the allegations are denied.   Further answering, Palmer denies that it, or alleged agents on its behalf, called Plaintiff's cell phone in violation of the TCPA.

## CLASS ACTION ALLEGATIONS

29.     Palmer admits that the Plaintiff purportedly brings this action pursuant to the stated rules of the Federal Rules of Civil Procedure.  The remaining allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

30.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

31.     Palmer denies making telephone calls to any putative class members as it did not make the calls described in the purported class definitions.  The remaining allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

32.     Palmer denies making telephone calls to any putative class members as it did not make the calls described in the purported class definitions.  The remaining allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

33.     Palmer denies making telephone calls to any putative class members as it did not make the calls described in the purported class definitions.  The remaining allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

34.     Palmer is without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies them.

35.     Palmer denies making telephone calls to any putative class members as it did not make the calls described in the purported class definitions.  The remaining allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

36.     Palmer denies making telephone calls to any putative class members as it did not make the calls described in the purported class definitions.  The remaining allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

## COUNT ONE

37.     Palmer incorporates by reference each of its answers to the preceding paragraphs.

38.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

39.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

40.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

41.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

42.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

43.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

44.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

45.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

46.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied

## COUNT TWO

47.     Palmer incorporates by reference each of its answers to the preceding paragraphs.

48.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

49.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

50.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

51.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

52.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

53.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

54.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

55.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

56.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

57.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

## **PRAYER FOR RELIEF**

This section does not contain any factual allegations requiring a response from Palmer, but if a response is deemed required, Palmer denies that Plaintiff or any putative class member is entitled to any relief from Palmer.

## **GENERAL DENIAL**

All allegations set forth in Plaintiff's Complaint not specifically admitted above are denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

Based upon its current information and belief, Palmer asserts the following affirmative defenses to Plaintiff's Complaint, and Palmer reserves the right to assert additional affirmative defenses in the event its investigation or discovery indicate that they would be appropriate.  By asserting these defenses here, Palmer does not concede that it has the burden of proof or production for any of the following:

1.      Plaintiff lacks standing because he has incurred no injury in fact or actual harm or damages.

2.      Plaintiff fails to state a claim against Palmer upon which relief can be granted.

3.      Palmer did not make the calls alleged in Plaintiff's Complaint and is not vicariously liable for any third party that may have made such a call.

4.      Any alleged damages suffered by Plaintiff or members of the putative class resulted from the acts or omissions of third parties who were not agents of Palmer, over whom Palmer exercised no control or authority, and for whose conduct Palmer is not responsible.

5.      Although Palmer specifically denies it has any liability with respect to Plaintiff's claims and allegations, Palmer asserts that it has not willfully violated any statute and violations(s) that may have occurred were unintentional.

6.      Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrines of release, waiver, estoppel, and/or res judicata, in connection with the *Mey v. Got Warranty, Inc.* action or otherwise.

Palmer reserves the right to rely upon all other properly provable defenses which further discovery or the evidence may disclose.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant Palmer Administrative Services, Inc. respectfully prays for judgment as follows:

1. That Plaintiff's Complaint be dismissed with prejudice and judgment entered in Palmer's favor;

2. That Palmer be awarded its reasonable costs and attorneys' fees; and

3. That Palmer be awarded such further relief as the Court deems equitable and just.


Dated December 2, 2019                         Respectfully submitted,

                                               BALL, BALL, MATTHEWS & NOVAK, P.A.

                                               /s/ William D. Montgomery, Jr.
                                               WILLIAM  D. MONTGOMERY, JR.
                                               107 Saint Francis Street, Suite 3340
                                               Mobile, Alabama 36602
                                               T: 251-338-2733
                                               F: 251-338-2722
                                               monty@ball-ball.com

                                               Attorney for Defendant
                                               Palmer Administrative Services, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December 2019, a copy of the foregoing document was served via Electronic Court Filing (ECF), upon:

Kenneth J. Riemer
Underwood & Riemer, PC
2153 Airport Boulevard
Mobile, Alabama 36606
Counsel for Plaintiff


                                               /s/ William D. Montgomery, Jr.
                                               William D. Montgomery, Jr.


12