IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOMMY J. TOMPKINS, JR., on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PALMER ADMINISTRATIVE SERVICES, INC.,<br><br>    Defendant. | Case No. 19-cv-0731-TFM-N<br><br>JURY TRIAL DEMANDED |

## AMENDED CLASS ACTION COMPLAINT

**COMES NOW** TOMMY J. TOMPKINS JR. ("Plaintiff") and, for himself and others similarly situated, files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of PALMER ADMINISTRATIVE SERVICES, INC. ("Palmer"). Specifically, Defendant negligently, knowingly, and/or willfully contacted Plaintiff on his cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Alabama Telephone Solicitations Act, Ala. Code §§ 8-19C-2 through 8-19C-12 ("ATSA"). Plaintiff brings this action to (1) stop the practice of placing calls using an "automatic telephone dialing system" ("ATDS") and/or using "an artificial or prerecorded voice" to the telephones of consumers nationwide without their prior express consent, (2) stop the practice of placing calls to cellular telephone numbers listed on the National Do Not Call Registry, (3) enjoin Defendant from continuing to place such calls to consumers, and (4) obtain statutory remedies for himself and class members injured by Defendant's unlawful conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his

own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THIS ACTION

1. This Complaint addresses the unlawful telemarking campaigns perpetrated upon Plaintiff and many others by Defendant through automated robocalls made without any prior consent. Robocalling has plagued American consumers for years and it's getting much worse. According to Consumer Reports, 48 billion robocalls were placed in the United States in 2018. This is higher than in any previous year and a 56.9% increase over the previous year. https://www.consumerreports.org/robocalls/mad-about-robocalls/. And the calls continue to increase in 2019. According to YouMail, a company that tracks robocalls, the calls made as of the end of August 2019 are on track to exceed the 2018 total by more than 10 billion calls.

2. Robocalls are now the largest source of consumer complaints to the FTC, accounting for more than 65 percent of the total.

3. Robocalling, identified as a "scourge" by the U.S. government, is much more than a mere annoyance. The constant deluge of robocalls reduces the productivity of nearly every adult American in having to take to the time to either answer or block the call. The scourge of robocalls has fundamentally altered how Americans use their phones, with far fewer consumers answering unrecognized calls. This harms legitimate callers, such as businesses and emergency agencies, who have legitimate purposes for contacting consumers by phone and are willing to do so lawfully.

4. The robocalling epidemic has hit Alabama residents particularly hard. Recent data show that Alabama ranks third in the nations in the number of robocalls made per resident.

5.      A major reason the robocalling problem has exponentially increased nationwide and in Alabama is the extremely low costs made possible by highly effective automated telephone dialing systems. A simple google search for "robocalls" will reveal ads for thousands of calls for just a few dollars. One expert estimates that robocalling every citizen in the city of Seattle would cost about $150. https://medium.com/@TProphet/the-broken-economics-of-robocalls-b58f4842a407.

6.      One of the most complained about telemarketing schemes relates to the sale of extended auto warranty plans through robocalling campaigns. Some auto warranty companies, either directly or through agents, use automated systems to send thousands of unsolicited calls with messages regarding the expiration of the called party's manufacturer's warranty and an offer to sell an extended warranty. Palmer engages in similar telemarketing campaigns. As part of the marketing of their warranty products, Palmer placed thousands of automated calls to consumers' cell phones nationwide without having obtained any prior express written consent for the calls. Moreover, Palmer placed robocalls to Plaintiff and others who had placed their numbers on the National Do Not Call Registry.

7.      Congress enacted the TCPA in 1991 to address the intrusion on person privacy posed by automated telephone calls. Congress recognized automated calls as a nuisance, an invasion of privacy and threat to public safety and interstate commerce. Through the TCPA, Congress provided a means for consumers to seek redress for unlawful calling practices. The TCPA prohibits telemarketing calls to cell phones through the use of either an automated telephone dialing system or pre-recorded message or artificial voice messages. The TCPA also establishes a nationwide Do Not Call Registry ("DNCR") and prohibits telemarketing calls to

numbers placed on the registry. The calls made by Palmer violate the TCPA, including the rules regarding the DNCR.

8. The Alabama legislature enacted the ATSA in 1999 to address the intrusion on personal privacy posed by unsolicited telemarketing calls. It recognized such calls as "intrusive and relentless invasion of the privacy and peacefulness of home." Ala Code § 8-19C-1(4) (1975). The ATSA was passed to provide Alabama consumers the power to decide whether or not to receive telemarketing calls and provides a means for consumers to seek redress for unlawful calling practices. The ATSA prohibits telemarketing calls to consumers who have placed their numbers on the national DNCR. The ATSA also prohibits the use of technology aimed at concealing the caller's identity, such as spoofing technology. The calls made by Defendant violate the ATSA.

## PARTIES

9. Plaintiff is a resident of Mobile, Mobile County, Alabama.

10. Defendant Palmer is a Delaware corporation whose primary purpose is the selling and administration of automobile protection products and extended warranties, and whose principal business location is 3430 Sunset Ave, Ocean, NJ 07712.

## JURISDICTION AND VENUE

11. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff has claims that arise under the laws of the United States. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Those claims arise from a set of operative facts common to the federal claims.

12. Venue in this District is proper pursuant to 28 U.S.C. § 1391 because Palmer transacts business in this District, and because a material portion of the events at issue occurred in this District.

## FACTS COMMON TO THE CLASS

13. The TCPA prohibits calls made to a cell phone with the use of either an ATDS or prerecorded or artificial voice without the call parties' consent. For telemarketing calls, such as those placed by Palmers to Plaintiff and Class Members, the TCPA requires that prior express written consent be provided by every called consumer.

14. In 2003, the federal government established the National Do Not Call Registry ("DNCR") in an effort to protect consumers from unwanted calls. The DNCR allows consumers to register telephone numbers, thereby indicating their desire not to receive telephone solicitations at those numbers. See 47 CFR. § 64-120(c)(2). The TCPA and its implementing regulations prohibit telephone solicitation calls to telephone numbers listed on the registry. See 47 U.S.C. § 227(c); 47 CFR. § 64-1200(c)(2) (the "Do Not Call Rule"). Any person whose number is on the registry and who has received more than one telephone solicitation within a twelve (12) month period by or on behalf of the same entity may recover statutory damages under the TCPA against the violator. See 47 U.S.C. § 227(c)(5).

15. Under ATSA, any Alabama consumer who has registered his or her phone number on the DNRC has provided notice of his or her objection to receive telemarketing calls. Any person whose number is on the registry and who has received more than one telephone solicitation within a twelve (12) month period by or on behalf of the same entity may recover statutory damages under the ATSA against the violator up to $2,000 per violation. See Ala. Code § 8-19C-7. Calls knowingly made with technology, such as "spoofing," which is designed to block

or otherwise circumvent a caller identification service also violate the ATSA and entitle the consumer to the same remedies. See Ala. Code § 8-19C-5 & 7.

16. Palmer sells and administers automotive extended protection plans nationwide. A major part of Palmer's marketing plan is to solicit business through telemarketing campaigns that employ automated systems to contact thousands of consumers through their cell phones in a very short period of time and at a very low cost. Upon information and belief, the telemarketing campaigns also employ prerecorded or artificial voice technology.

17. Palmer, either directly or through agents, has robocalled thousands of consumers without their prior written express consent through the use of an ADTS and/or prerecorded or prerecorded or artificial voice technology. Many calls, including the calls made to Plaintiff, were made to numbers placed on the DNCR. Each call was made in violation of the TCPA.

18. At the time Palmer made or directed the calls to Plaintiff and class members, it was well aware of the TCPA and ATSA requirements, and it was aware that its automated calls to consumers violated the TCPA and the ATSA, and subjected it to the penalties provided therein.

19. Palmer's unlawful telemarketing campaigns have been the subject of several federal lawsuits dating back to at least 2015. In February 2017 Palmer agreed to pay $650,000.00 to a certified class of consumers who allegedly received unlawful calls. See Mey v. Palmer Administrative Services, Inc., et al, *In the U.S. District Court for West Virginia, Case No. 15-CV-00101* (the "Mey Class Settlement"). However, that experience did not curtail Palmer's decision to seek profit from violating the TCPA and consumers' rights. Palmer continued its unlawful telemarketing campaign. In fact, all of the calls made to Plaintiff occurred after the effective date of the Mey Class Settlement.

20. Further evidence of Palmer's knowing and willful violations of the TCPA and the ATSA is the fact that the calls to Plaintiff and members of the class were made through the use of "spoofing" technology. That technology is purposefully designed to (1) mask the identity of the caller and (2) make the call appear to be from a local number in order to increase the likelihood that the consumer will answer. This tactic is designed to generate business and profit while at the same time skirting the legal consequences of what the caller knows are unlawful calls. This bad faith effort to sabotage consumers' call screening efforts demonstrates the caller's knowledge that the calls are unlawful.

21. Calls made with the "spoofing" technology also violate the ATSA. See Ala. Code § 8-19C-5.

22. The unlawful telemarketing calls repeatedly invaded the personal privacy of Plaintiff and each member of the class, causing them to suffer damages, injury-in-fact and entitling them to relief provided under the TCPA, including 47 U.S.C. § 227(b)(3)(B), and the ATSA, including Ala. Code § 8-19C-7.

### FACTS RELATING TO PLAINTIFF

23. Beginning in April of 2019, Plaintiff received a series of automated calls to his cell phone from the numbers that appear to be made from a local area code - 251. When Plaintiff answered the call, there was a short, multi-second delay, followed by a click and a human voice.

24. The calls were "spoofed," meaning that the caller used electronic means to manipulate how the calls would appear on Plaintiff's phone's caller ID function to make them appear to be local calls.

25. During the calls and in an effort to identify the caller and have the calls stopped, Plaintiff followed the prompts, expressed an interest in the warranty service and was eventually directed to Palmer's sales representatives.

26. The calls displayed *indicia* of an ATDS, including the delay and click described above. All of the calls made by or on behalf of Palmer to Plaintiff were made using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

27. Upon information and belief, at least one of the calls employed a pre-recorded or artificial voice.

28. At all times relevant herein, Plaintiff's cellular telephone number was listed on the DNCR. Plaintiff registered his cellular telephone number XXX-XXX-7871 with the DNCR for the express purpose of avoiding unwanted telemarketing calls. Plaintiff's cell number was registered on the DNCR more than thirty-one (31) days prior to the calls.

29. Plaintiff uses his cell phone number as his main residential line.

30. The calls were made directly by Palmers or on its behalf by third persons working at Palmers' direction. The third-parties initiating the unlawful calls on Palmer's behalf, if any, did so with actual and/or apparent authority from Palmer and, in any event, the actions taken by said third-parties were ratified by Palmer knowingly reaping benefits, in the form of potential and actual sales, as a direct result of the unlawful calls.

31. Defendant's calls were made for marketing Defendant's automobile warranties or similar vehicle protection products, and not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

32. The calls were made for purposes of soliciting a sale of consumer goods or services, and/or for the purpose of obtaining information that may be used for the direct solicitation of a sale of consumer goods or services. The calls were "telemarketing calls" and "telephone solicitations" within the meaning of TCPA.

33. The calls were not isolated occurrences and were made in the course of a pattern of repeated transactions of like nature.

34. Upon information and belief, the ATDS used by Defendant, or on its behalf, has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

35. Upon information and belief, the ATDS used by Defendant, or on its behalf, also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

36. Defendant did not have prior express written consent to place the calls to Plaintiff.

37. The telephonic communications by Defendant, or on its behalf, violated 47 U.S.C. § 227(b)(1).

38. Defendant's calls to Plaintiff also violated the regulations promulgated under the TCPA regarding calls to consumers whose numbers are included in the DNCR. Plaintiff received one or more such call within a twelve (12) month period by Palmer or on its behalf in violation of the Do Not Call Rule. See 47 CFR. § 64.1200(c)(2). Each such call also violates the ATSA. See Ala. Code § 8-19C-2.

39. The calls made by Palmer or on its behalf to Plaintiff constitute "telephone solicitation" as that term is defined at 47 U.S.C. § 227(a)(4), 47 CFR. § 64.1200(f)(14). Those calls also constitute "telephone solicitations" within the meaning of the ATSA.

40. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA and the ATSA.

41. Plaintiff has suffered actual damages and injury-in-fact, including but not limited to loss of time in answering the calls and tracing their origin, the loss of use of his phone for legitimate purposes, and his productivity. Such calls have also invaded Plaintiff's privacy and statutory rights provided under the TCPA.

42. The harm suffered by the Plaintiff as a result of Defendant's TCPA and ATSA violations bears a close relationship with the types of harm for which the law has traditionally allowed redress under common law claims for invasion of privacy, nuisance, conversion, trespass to chattel and wantonness.

## CLASS ACTION ALLEGATIONS

43. **Class Definitions:** Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and three Classes of similarly situated individuals, defined as follows:

### The Robocall Class

All individuals in the United States who during the four years prior to the filing of the initial compliant in this action: received any telephone call from Defendant or its agent(s) and/or employee(s), not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded message.

### The Do Not Call Class

All individuals in the United States who during the four years prior to the filing of the initial compliant in this action: (1) received more than one telephone call made by or on behalf of Defendant within a 12-month period; (2) promoting Defendant's products or services; (3) at a telephone number and/or a number that had been

registered with the National Do Not Call Registry for at least 30 days at the time of each call; (4) where neither Defendant nor its agents had any current record of prior express written consent to place such calls at the times such calls were made.

**The ATSA Class**

All Alabama residents who during the two years prior to the filing of the initial compliant in this action (1) received a telephone call made by or on behalf of Defendant; (2) promoting Defendant's products or services; (3) where Defendant utilized a method to block or otherwise circumvent the use of a caller identification service of the person being called; (4) where Defendant called a telephone number that had been registered with the National Do Not Call Registry or the Alabama Public Service Commission for at least 30 days at the time of each call.

44.     The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) the legal representatives, successors, or assigns of any such excluded persons; and (5) Plaintiff's counsel and Defendant's counsel.

45.     Also excluded from the Classes are any persons whose claims have been released as part of the Mey Class Settlement, but only as to calls included in such release, which does not apply to any calls made after April 4, 2017.  Such persons are not excluded from the Classes described above for calls made after April 4, 2017.

46.     **Numerosity**: The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to thousands of consumers who fall into the Classes.

Members of the Classes can be identified through Defendant's records.

47. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

**Robocall Class:**

a) Whether Defendant's conduct violated the TCPA;

b) Whether Defendant and/or its agents systematically made telephone calls to consumers who did not previously provide Defendant or its agents with prior express consent to receive such telephone calls;

c) Whether Defendant's telephone calls employed an artificial or prerecorded voice; and

d) Whether Plaintiff and the members of the Robocall Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**The Do Not Call Class:**

a) Whether Defendant's conduct violated the TCPA and/or the ATSA;

b) Whether Defendant and/or its agents made more than one telephone call within a 12-month period to consumers whose telephone numbers were registered with the National Do Not Call Registry (for at least thirty days, at the time of each call);

c) Whether Defendant and/or its agents systematically made such telephone calls to consumers who did not previously provide Defendant or its agents with prior written express consent to receive such calls; and

d) Whether Plaintiff and members of the Do Not Call Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**The ATSA Class**

a) Whether Defendant's conduct violated the ATSA;

b) Whether Defendant and/or its agents utilized a method to block or otherwise circumvent the use of a caller identification service of the person being called; and

c) Whether Defendant called an Alabama resident's telephone number that had been registered with the National Do Not Call Registry or whose objection to receive solicitation was provided to the Alabama Public Service Commission for at least 30 days at the time of each call.

48. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct toward Plaintiff and each of the other members of the Classes.

49. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interest of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

50. **Policies Generally Applicable to the Classes:** This class action is appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final injunctive

relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

51. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered, and uniformity of decisions ensured.

## COUNT ONE
## TELEPHONE CONSUMER PROTECTION ACT

52. Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

53. This claim is brought for Plaintiff individually and on behalf of the Robocall Class Members described above.

54. Palmer, directly or through its agent, placed telephone calls to Plaintiff's and Robocall Class members' cell phones without having obtained their prior express written consent.

14

55.   The calls were made with an ATDS and/or the use of pre-recorded or artificial voice.

56.   The calls were placed for the purpose of marketing, advertising and selling Palmer's extended auto warranty product and services. The calls constitute telemarketing and telephone solicitation as those terms are defined in 47 C.F.R. § 64.1200(f)(12) and (14).

57.   Each call was made in violation of provisions of the TCPA, including 47 U.S.C. § 227(b)(1)(A).

58.   The unlawful telemarketing calls repeatedly invaded the personal privacy of Plaintiff and each member of the class, causing them to suffer damages and entitling them to relief provided under the TCPA, including 47 U.S.C. § 227(b)(3).

59.   As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

60.   As a result of Defendant's knowing and/or willful violations of 43 U.S.C. § (b)(3), Plaintiff and the class members are entitles to increased damages of up to $1,500 per violation.

61.   Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT TWO
## VIOLATION OF THE TCPA'S DO NOT CALL RULE

62.   Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

63.   This claim is brought for Plaintiff individually and on behalf members of the Do Not Call Class described above.

64.   Plaintiff and members of the Do Not Call Class placed their numbers on the DNCR.

65. Palmer, directly or through its agent, placed telephone calls to Plaintiff's and Do Not Call Class members' phone numbers listed on the DNCR without having obtained their prior express written consent.

66. The calls were placed for the purpose of marketing, advertising and selling Palmer's extended auto warranty product and services. The calls constitute "telemarketing" and "telephone solicitation" as those terms are defined in 47 C.F.R. § 64.1200(f)(12) and (14).

67. Each call was made in violation of provisions of the TCPA, including 47 U.S.C. § 227(c)(3) and the Do Not Call Rule promulgated pursuant to the TCPA, 47 C.F.R. § 64.1200(c)(2).

68. The unlawful calls repeatedly invaded the personal privacy of Plaintiff and each member of the class, causing them to suffer damages and entitling them to relief provided under the TCPA, including 47 U.S.C. § 227(b)(3)(B) and (c)(5).

69. Each call was made in willful and knowing violation of the TCPA and the Do Not Call Rule.

70. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and members of the Do Not Call Class are entitled to an award of actual damages or statutory damages of up to $500.00, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

71. As a result of Defendant's knowing and willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the members of the Do Not Call Class are also entitled to an award of enhanced damages of up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

72. Plaintiff and the Do Not Call Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT THREE
## ALABAMA TELEPHONE SOLICITATIONS ACT

73. Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

74. This count is stated under the Alabama Telephone Solicitations Act ("ATSA"), Ala. Code 8 19C 1 – 12.

75. By registering with the Do Not Call Registry as alleged above, Plaintiff and members of the ATSA Class have given notice of their objection to receiving telephone solicitations within the meaning of Ala. Code Section 8-19C-2(a).

76. Defendant violated the ATSA by making telephone solicitation calls to Plaintiff's telephone and the numbers listed on the DNCR by members of the ATSA Class after notice of their objection to receiving such calls.

77. Defendant also violated the ATSA by knowingly utilizing a method to block or otherwise circumvent the use of caller identification service thereby obscuring the source of the solicitation calls made to Plaintiff and members of the ATSA Class. This is a violation of Ala. Code § 8-19C-5(b).

78. Plaintiff and members of the ATSA Class have received multiple telephone solicitation calls within a 12-month period by or on behalf of the Defendant in violation of Section 8-19C-2(a) and/or Section 8-19C-5(b).

79. Plaintiff and members of the ATSA Class have suffered actual damages as a result of Defendants' violations of the ATSA, as setout above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying each of the Classes as defined above, appointing Plaintiff as the Class Representative for each Class, and appointing his counsel as Class Counsel for each Class;

B. An award of actual monetary loss to Plaintiff and members of the Robocall Class from such violations or the sum of five hundred dollars ($500.00) for each violation of the TCPA, whichever is greater; all to be paid into a common fund for the benefit of the Plaintiff and the other Class Members;

C. An award of enhanced statutory damages to Plaintiff and members of the Robocall Class for Defendant's willful and/or knowing violation of up to $1,500.00 for each such violation of the TCPA; all to be paid into a common fund for the benefit of the Plaintiff and the other Class Members;

D. An award of actual monetary loss to Plaintiff and members of the Do Not Call Class from each call made in violation of 47 C.F.R. § 64.1200(c)(2) or damages of up to five hundred dollars ($500.00) for each unlawful call, whichever is greater; all to be paid into a common fund for the benefit of the Plaintiff and the other Class Members;

E. An award of enhanced damages to Plaintiff and members of the Do Not Call Class from each call made in knowing or willful violation of 47 C.F.R. § 64.1200 (c)(2) of up to three times the amount the statutory damages awarded pursuant to 47 U.S.C. § 227(c)(5)(B); all to be paid into a common fund for the benefit of the Plaintiff and the other Class Members;

F. An award of actual monetary loss to Plaintiff and members of the ATSA Class from each call made in violation of ATSA or damages of up to two-thousand dollars ($2,000) per knowing violation of the ATSA; all to be paid into a common fund for the benefit of the Plaintiff and the members of the ATSA Class;

G. An order declaring that Defendant's actions, as set out above, violate the TCPA and the ATSA;

H. A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA; or

I. A declaratory judgment that Defendant used an artificial or prerecorded voice;

J. An Order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

K. An Order requiring Defendant to identify any third-party involved in the autodialed and/or prerecorded calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

L. An injunction requiring Defendant to cease all unsolicited autodialed and/or prerecorded calling activities, and otherwise protecting the interests of the Classes;

M. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

N. An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA and the ATSA;

O. An injunction prohibiting Defendant from conducting any future telemarketing activities until it has established an internal Do Not Call List as required by the TCPA;

P. An injunction requiring Defendant to cease all unsolicited calling activities and otherwise protecting the interests of the Classes;

Q.  An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

R.  Such other and further relief that the Court deems reasonable and just.

**TRIAL BY JURY IS DEMANDED AS TO EVERY CLAIM ASSERTED HEREIN.**

Respectfully submitted this the 3rd day of December, 2019.

_____
KENNETH J. RIEMER (RIEMERK8712)
UNDERWOOD & RIEMER, PC
2153 Airport Boulevard
Mobile, AL 36606
Telephone: (251) 432-9212
Facsimile: (251) 990-0626
Email: kriemer@alalaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this foregoing pleading has been served upon the following parties via this Court's CM/ECF electronic filing system on December 3, 2019:

William Douglas Montgomery, Jr.
107 St. Francis St., Suite 3340
Mobile, AL 36602
Email: monty@ball-ball.com

_____
KENNETH J. RIEMER (RIEMK8712)