**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TOMMY J. TOMPKINS, JR., on behalf of himself and all others similarly situated,** | ) | |
| **Plaintiff,** | ) | **Case No. 19-cv-731-KD-N** |
| **v.** | ) | |
| **PALMER ADMINISTRATIVE SERVICES, INC.,** | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

**REPORT OF THE PARTIES' PLANNING MEETING**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the following attorneys have conferred regarding proposed deadlines in this case and submit the following joint report:

- Earl P. Underwood, Jr., and Kenneth J. Riemer representing the Plaintiff, Tommy J. Tompkins, Jr.
- William D. Montgomery, Jr., Joseph P. Bowser, Gregory M. Caffas, representing Palmer Administrative Services.

The parties request a conference with the Court before entry of the Scheduling Order.

**1. <u>Nature of the Case</u>:**

**<u>Plaintiff's Summary</u>:**

This is a class action arising from the unlawful robocalling campaign instituted by Defendant, or on its behalf, which resulted in thousands of illegal automated telemarketing calls. Plaintiff brings claims for himself and on behalf of putative class members for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Alabama Telephone Solicitations Act, Ala. Code §§ 8-19C-2 through 8-19C-12 ("ATSA"). Specifically, Defendant's telemarketing calls violated the TCPA's prohibition on such calls made without the

prior written express consent of the called party, as well the TCPA "Do Not Call Rule," prohibiting telemarketing calls to numbers listed in the National Do Not Call Registry ("DNCR"). Defendant's robocalls to Alabama residents whose numbers were registered on the national or state DNCR also violate the ATSA. Plaintiff brings claims individually and on behalf of three classes: A "Robocall Class", a "Do Not Call Class" and a "ATSA Class." Excluded from the classes are individuals whose claims have been released pursuant to the settlement agreement in a previous TCPA case brought against Defendant - Mey v. Palmer Administrative Services, Inc., et al, *In the U.S. District Court for West Virginia, Case No. 15-CV-00101* (the "Mey Class Settlement"), but only as to calls made before the effective date of that settlement – April 4, 2017. All of the unlawful calls made to Plaintiff occurred after that date.

Plaintiff seeks for himself and on behalf of the class members actual and statutory damages provided under the TCPA and ATSA, injunctive relief and attorney fees and costs to be paid out of a common fund established for the benefit of class members.

**Defendant's Summary:**

Palmer Administrative Services, Inc. ("Palmer") denies any and all claims that it violated either the TCPA or the ATSA as to Plaintiff or any member of the proposed putative classes. Palmer disputes the material factual allegations that Plaintiff asserts to substantiate his claims against Palmer. Palmer does not make any outbound marketing calls. Likewise, Palmer does not control any third party that sells its products, and therefore it cannot be held vicariously liable for any allegedly unlawful calls of a non-party at issue in this matter. Palmer further defends the class claims on the basis that class certification would be improper in this matter due to lack of commonality, predominance, and superiority, among other defects under Rule 23.

**Jury:**

While Palmer disputes that class certification is proper here, the Court's decision on class certification will determine when the case will be ready for trial and its length. If a class is certified, the parties expect a trial to take less than 1 week. If the class is not certified, the trial is expected to take 1-2 days.

2. **<u>Pretrial Conference</u>:**

The parties request a pretrial conference 30 days before trial.

3. **<u>Discovery Plan</u>:**

**<u>Plaintiff's Position</u>**

Discovery will address both the individual claims and the issues relating to the elements of Rule 23 as to the putative classes. Discovery will be needed on the following areas:

a. Calls made to Plaintiff, including how the calls were made, when, the number calls, the equipment used;

b. Defendant's policies, practices and procedures regarding compliance with the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. before October 16, 2013;

c. Defendant's policies, practices and procedures regarding compliance with the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. after October 16, 2013;

d. The uniformity of these policies, practices and procedures;

e. The typicality of those policies, practices and procedures as they apply to the named plaintiff and the putative class and subclass;

f. The methods, procedures, hardware, software and practices employed in contacting potential customers in place from December 7, 2015 to present.

g. The methods, procedures, hardware, software and practices employed in contacting Plaintiff;

h. Whether the methods, procedures, hardware, software and practices employed in contacting potential customers during the relevant period constitutes an "Automatic Telephone Dialing System" within the context of the TCPA and implementing regulations. to putative class and the named plaintiff;

i. Defendant's dealings with third party vendors regarding the generation and referral of leads and contacting potential customers during the class period;

j. The number of calls made to Plaintiff and to members of the proposed class during the class period; and,

k. Defendant's use of any third party for making marketing calls on its behalf, Defendant's right to control aspects of those calls, the degree to which such control was exercised; whether Defendant accepted the benefits of such calls, whether Defendant cloaked any third party with apparent authority to make calls on its behalf and whether Defendant ratified such conduct by accepting benefits conferred from the calls.

l. Other judicial and administrative actions taken against Defendant, including but not limited to Mey v. Palmer Administrative Services, Inc., et al, *In the U.S. District Court for West Virginia, Case No. 15-CV-00101*, and the circumstances surrounding the class settlement in *Mey*.

m. The number of calls made to Plaintiff and to members of the proposed class during the class period; and,

n. The numerosity of the class.

    o. Affirmative Defenses: Plaintiff intends to request information and documents related to any affirmative defenses raised by Defendant.

**Defendant's Position**:

Palmer objects to the extensive discovery proposed by Plaintiff, as Plaintiff's requests largely seek to discover outbound marketing calls and the policies and equipment associated with those calls. As stated above, Palmer does not make any such outbound marketing calls, and does not control any entity that sells its products. All of Plaintiff's requested discovery regarding these activities is therefore unwarranted and will not lead to any discoverable information or materials from Palmer.

Palmer proposes that discovery be bifurcated, as Plaintiff's claims will fail on one or more of the dispositive issues set forth in the six affirmative defenses asserted by Palmer in its Answer to Plaintiff's Amended Complaint. Phase one of discovery should be limited solely to Plaintiff's claims relating to the calls he alleges were made to him individually.

Should it be necessary, phase two of discovery will relate to Plaintiff's class allegations.

**Initial disclosures** on the merits issue will be due twenty-one (21) days after this report is signed by the parties.

**DISCOVERY PHASE I**

Phase one of discovery will relate only to the allegations relating to Plaintiff Tommy Tompkins individually; class-related discovery, if any, will occur in Phase two. All written discovery shall be propounded so that timely answers shall be due by the date on which Plaintiff's initial expert report is due in each phase of discovery. The parties propose the following plan for discovery for phase one merits discovery:

(a) **Depositions**: The parties agree to a maximum of 5 depositions for

Plaintiff, 5 depositions for Defendant, each directed toward any other party with a maximum time limit of 7 hours per deposition, unless extended by agreement of the parties, pursuant to the standards set forth in the Federal Rules of Civil Procedure.

(b) **Interrogatories**: The parties agree to a maximum of 25 by Plaintiff, 25 by Defendant, including subparts, directed toward any other party, to be answered within 30 days of service.

(c) **Requests for admission**: The parties agree to a maximum of 25 by Plaintiff, 25 by Defendant, including subparts, directed toward any party, to be answered within 30 days of service, although these limits shall not apply to requests for admission relating solely to the authenticity of documents.

(d) **Requests for Production:** The parties agree to a maximum of 30 by Plaintiff, 30 by Defendant, directed toward any other party, to be answered within 30 days of service.

(e) **Parties:** The parties agree that Plaintiff shall have 90 days from the date this report is signed to join additional parties. Defendant shall have 120 days from the date this report is signed to join additional parties.

(f) **Pleadings:** Plaintiff shall have 90 days from the date this report is signed to amend the pleadings. Defendant shall have 120 days from the date this report is signed to amend the pleadings.

(g) **Experts:** Plaintiff shall identify any merits expert and produce a copy of his or her report within 120 days from the date this report is signed. Defendant shall identify any merits expert and produce a copy of his or her report

within 45 days after Plaintiff identifies his merits expert. An additional 21-day period following service of Defendant's report, if any, to conclude phase one merits discovery (including expert depositions) shall conclude merits discovery.

(h) **Dispositive Motions** All potentially dispositive motions should be filed not later than 30 days after the close of merits discovery.

**DISCOVERY PHASE II**

Phase two of discovery will relate only to class allegations. The parties propose the following plan for phase two class discovery:

(a) **Depositions**: The parties agree to a maximum of 10 depositions for Plaintiff, 10 depositions for Defendant, each directed toward any other party with a maximum time limit of 7 hours per deposition, unless extended by agreement of the parties, pursuant to the standards set forth in the Federal Rules of Civil Procedure.

(b) **Interrogatories**: The parties agree to a maximum of 30 by Plaintiff, 30 by Defendant, including subparts, directed toward any other party, to be answered within 30 days of service.

(c) **Requests for admission**: The parties agree to a maximum of 25 by Plaintiff, 25 by Defendant, including subparts, directed toward any party, to be answered within 30 days of service.

(d) **Requests for Production:** The parties agree to a maximum of 30 by Plaintiff, 30 by Defendant, directed toward any other party, to be answered within 30 days of service.

(e) **Experts:** Plaintiff shall identify any class certification or other

expert and produce a copy of his or her report within 120 days from beginning date of class discovery. Defendant shall identify any class certification or other expert and produce a copy of his or her report within 45 days after Plaintiff identifies his class certification or other expert.

(f) **Class Certification Motion:**

The parties agree that a motion for class certification and supporting briefs and exhibits, is due within 180 days from the date phase 2 discovery, should it occur, begins. Defendant shall respond within 30 days of the filing of the Plaintiff's supporting brief and evidentiary materials. Plaintiff's reply will be due 15 days thereafter.

(g) **Trial:**

The parties request that the Court hold a scheduling conference to discuss the remaining scheduling issues following a decision on the class certification issue, as this issue will have a significant effect on the amount of time necessary to prepare for and complete a trial. Within 30 days of a ruling on class certification, the parties should submit their proposal for the remainder of the schedule, including a trial date.

**4. Electronic Data:**

The discovery in this action may include a substantial amount of electronically stored information. However, the parties have discussed issues about disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced and inform the Court of the following agreements or

issues:

- **General Document Image Format**. To the extent practical, documents shall be produced in PDF format and shall be produced to the requesting party on a DVD or CD-Rom. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

- **Text-Searchable Documents.** No party has an obligation to make its production text searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the Producing Party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

- **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

- **Native Files.** A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

- **Privileged Documents.** The parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial

preparation material.

**5. <u>Electronic Service</u>**:

The parties agree that service of any discovery document may be effected by email, but that deadlines for responding to documents served via email will be calculated as if such documents had been served by U.S. Mail.

**6. <u>Settlement</u>:**

The parties agree that the possibility of settlement cannot be evaluated at this early juncture.

**7. <u>Other Items</u>**.

(a) The parties request a conference with the Court before entry of the Scheduling Order.

(b) The parties expect to negotiate in good faith and present to the Court a proposed Agreed Protective Order to facilitate the exchange of documents and information, and address the issues raised in Fed. R. Evid. 502, while also protecting against public disclosure of confidential information and trade secrets of the parties and potential third-party witnesses.

The attorneys for the parties jointly prepared this Report of the Parties' Planning Meeting. Counsel for Plaintiff and counsel for Defendant have reviewed this report and given permission to the undersigned to file this report electronically with the Court on behalf of the parties.

Respectfully submitted this 15th day of January, 2020.

BALL, BALL, MATTHEWS & NOVAK, P.A.

*/s/ William D. Montgomery, Jr.*
WILLIAM D. MONTGOMERY, JR.
107 Saint Francis Street, Suite 3340
Mobile, Alabama 36602
T: 251-338-2733
F: 251-338-2722
monty@ball-ball.com

Attorney for Defendant Palmer Administrative Services, Inc.

s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.
Attorney for Plaintiff and Proposed Class
Underwood & Riemer, PC
21 South Section Street
Fairhope, Alabama 36532
251-990-5558
epunderwood@alalaw.com